IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Pamela Rhodes, | ) | |
| | ) | |
| | ) | Civil Action No.: 6:20-cv-02165-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Kilolo Kijakazi,[1] Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 24.) The Report addresses Plaintiff Pamela Rhodes' ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). (*Id.* at 1.) The Report recommends the court reverse the decision of the Commissioner of Social Security Administration ("Commissioner") and remand the matter for further administrative proceedings. (*Id.*) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this order.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action is required to continue this suit under the last sentence of 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

# I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-3.) As brief background, on June 18, 2019, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB. (*Id.* at 2.)

The ALJ determined Plaintiff had severe impairments including spine disorder (with sciatica), osteoarthritis, chronic obstructive pulmonary disorder (COPD) and depression, as defined under 20 CFR 404.1520(c). (*Id.*) In addition, the ALJ found Plaintiff had non-severe impairments to include diabetes, hypertension and learning disorder, defined under CFR §§ 404.1522 & 416.922. The ALJ concluded Plaintiff had the following RFC:

> "[T]he claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b). In particular, the claimant can lift or carry up to 20 pounds occasionally and 10 pounds frequently. She can stand or walk for approximately 6 hours of an 8-hour workday and sit for approximately 6 hours of an 8-hour workday with normal breaks. The claimant can never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; frequently balance; occasionally stoop, crouch, kneel or crawl; and frequently be exposed to environmental irritants such as fumes, odors, dusts and gases. Work is limited to simple, routine and repetitive tasks. She can perform these tasks for two-hour blocks of time with normal rest breaks during an eight-hour work day."

(*Id.* at 2-3.) The ALJ heard testimony from Plaintiff and a vocational expert during the hearing. The vocational expert identified Plaintiff's past relevant work as a production assembler and clean-up worker and testified Plaintiff could perform her past work on the assembly line both "as actually performed and as generally performed in the national economy."[2] (*Id.* at 6-7.) In addition, the

---

[2] The Magistrate Judge noted in the Report that the administrative hearing record revealed an inconsistency in this regard. It was unclear whether the vocational expert's categorization considered Plaintiff's past relevant work since 2013, or since 2003. (ECF No. 24 at 7-8.) The ALJ's stated question referred to Plaintiff's work since 2013, although his written decision reflected that he considered the period since 2003. (*Id.*)

vocational expert was not asked about the standing, sitting and walking requirements of either occupation. (*Id.* at 7.)

Plaintiff also gave testimony at the hearing. She too was never asked about the standing, sitting, and walking requirements of her past relevant work. (*Id.*) Prior to the hearing, however, Plaintiff had completed a work history report which indicated that her past relevant work on the production assembly line required her to "walk for two hours each day, stand for six hours each day, and sit for zero hours each day." (*Id.* at 7.)

Ultimately, the ALJ accepted the vocational expert's explanation that Plaintiff's past relevant work was "unskilled, light work within the limitations of the RFC." (*Id.* at 7.) After hearing the testimony, the ALJ determined Plaintiff "was capable of performing her past relevant work as a production assembler and that this job "did not require the performance of work-related activities precluded by the [her] residual functional capacity." (*Id.* at 3.) In addition, the ALJ found "there were other jobs that existed in significant number in the national economy that [Plaintiff] could also have performed." (*Id.*)

Thereafter, the Appeals Council denied Plaintiff's request for review. (*Id.*) Thus, the ALJ's decision became the final decision of the Commissioner. *See Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed this action on September 18, 2020. (ECF No. 1.)

Upon review of the record, the Magistrate Judge suggested this case be reversed and remanded. (ECF No. 24.) In particular, the Magistrate Judge observed the ALJ failed to resolve or even acknowledge several inconsistencies on the administrative hearing record. (*Id.* at 8-10.)

Two issues stood out in the Magistrate Judge's review. First, the Magistrate Judge found the ALJ did not discuss or reconcile the inconsistencies between the exertional requirements of Plaintiffs' past relevant work and his RFC determination. (*Id.* at 8-9.) It is unclear from the ALJ's decision, for instance, how Plaintiff could perform a job which requires a full, eight-hour day of walking or standing, when the ALJ explicitly stated she could stand or walk for only six hours of an eight-hour workday. (*Id.* at 2-3.) Similarly, the ALJ never discussed the discrepancy between the vocational expert's categorization of Plaintiff's past occupation as "light work" and Plaintiff's work history report, which pointed to a higher necessary level of exertion. Recommending further administrative proceedings, the Magistrate Judge highlighted Fourth Circuit caselaw which requires the ALJ to obtain an explanation from vocational experts for such apparent conflicts. (*Id.* at 9 (citing *Pearson v. Colvin*, 810 F.3d 204, 208-09 (4th Cir. 2015)).)

Second, the Magistrate Judge noted an unexplained inconsistency between Plaintiff's RFC and the ALJ's proposed alternate occupations. As part of his RFC determination, the ALJ found Plaintiff could perform only "simple, routine, and repetitive tasks" at a GED reasoning level of one. (*Id.* at 9.) At the same time, the ALJ concluded Plaintiff could perform several "alternative representative occupations," all of which had a GED reasoning level of three. (*Id.* at 9-10.) The ALJ's findings did not explain this inconsistency. The Magistrate Judge emphasized such cases present "an apparent conflict in need of resolution." (*Id.* at 10 (citing *Chapell v. Kijakazi*, C/A No. 1:20-cv-00609, 2021 WL 3079917, at *6–7 (M.D.N.C. July 21, 2021), memorandum and recommendation adopted (M.D.N.C. Aug. 23, 2021); *Shook v. Saul*, C/A No. 5:20-cv-00122-FL, 2021 WL 3074406, at *8–9 (E.D.N.C. June 7, 2021), memorandum and recommendation adopted by 2021 WL 3064294 (E.D.N.C. July 20, 2021); *Melendez v. Saul*, C/A No. 4:19-cv-00127-BHH-TER, 2020 WL 2100858, at *7 (D.S.C. Apr. 13, 2020), R&R adopted by 2020 WL 2098195

(D.S.C. May 1, 2020)).)

Both issues provided sufficient grounds for the Magistrate Judge to conclude the ALJ's determination constituted reversible error, and recommend the matter be remanded for further administrative proceedings.[3] (ECF No. 24 at 11.)

The parties were apprised of their opportunity to file specific objections to the Report. (ECF No. 24 at 12.) On September 20, 2021, the Commissioner informed the court he would not offer objections. (ECF No. 25.) Plaintiff similarly has not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 (D.S.C.). The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the

---

[3] The Report also recommends the ALJ consider Plaintiff's remaining allegations of error on remand.

Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 24 at 3-6.) The Commissioner notified the court he will not file objections (ECF No. 25) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 24) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 3, 2021
Columbia, South Carolina